UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENZO RUSSO,

     Plaintiff,

v.                        Case No.:  8:24-cv-1300-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

---

**OPINION AND ORDER**

Plaintiff Vincenzo Russo seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on November 20, 2019, alleging disability beginning on May 31, 2019. (Tr. 73, 188-89). The application was denied initially and on reconsideration. (Tr. 73, 91).

Plaintiff requested a hearing and on September 23, 2021, a hearing was held before Administrative Law Judge Kurt Ehrman ("ALJ"). (Tr. 34-57). On October 14, 2021, the ALJ entered a decision finding Plaintiff had not been under a disability from May 31, 2019, through the date of the decision. (Tr. 17-28). On February 2, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

Plaintiff appealed the denial to the United States District Court. The Court reversed the ALJ's decision and remanded the action to Commissioner for further proceedings. (Tr. 1084-1100). On remand, the Appeals Council entered an order remanding the case to the ALJ for further proceedings. (Tr. 1105). On January 11, 2024, the ALJ held another hearing. (Tr. 1026-49). On March 26, 2024, the ALJ entered a decision finding Plaintiff had not been under a disability from May 31, 2019, through the date of the decision. (Tr. 1006-16).

Plaintiff appealed the second decision, and began this action by Complaint (Doc. 1) filed on May 29, 2024. The case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2025. (Tr. 1009). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2019, the alleged onset date. (Tr. 1009). At step two,

the ALJ found Plaintiff had the following severe impairments: "degenerative disease of the cervical and lumbar spines; post-polio syndrome, with right lower extremity residuals; status-post left ankle open reduction internal fixation; and, coronary artery disease, status-post coronary artery bypass grafting." (Tr. 1009). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 1010).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a), lifting/carrying ten pounds occasionally and less than ten pounds frequently, standing/walking about two hours in an eight-hour workday, and sitting about six hours in an eight-hour workday. He requires the use of a cane for walking and standing. The claimant cannot climb ladders, ropes, scaffolds, and/or stairs, but can occasionally climb ramps and/or three to four steps. He can occasionally balance, stoop, kneel, crouch, and/or crawl. The claimant can frequently reach and handle bilaterally, but only occasionally reach overhead. He must avoid concentrated exposure to extreme cold and vibrations, as well as avoid all exposure to hazardous, industrial machinery and work performed at unprotected heights.

(Tr. 1010).

At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as a telemarketer. (Tr. 1015-16). The ALJ found this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 1015-16).

## II.    Analysis

On appeal, Plaintiff raises six issues:

(1)    Whether the ALJ erred in his evaluation of certified physician assistant Janet Cole's opinion;

(2)    Whether the ALJ failed to properly assess the severity of Plaintiff's anxiety and major depressive disorders and whether severe or not, failed to include associated limitations in the RFC;

(3)    Whether the ALJ erred in finding Plaintiff could perform work at SVP 3, given that the SSA had repeatedly advised him that he could perform work requiring only a very short on-the-job-training period equating to SVP 1:

(4)    Whether Plaintiff would regularly miss too much work to sustain competitive employment;

(5)    Whether the ALJ erred in finding that Plaintiff could perform his past relevant work without considering the testimony of the vocational expert at the first hearing; and

(6)    Whether the ALJ erred in failing to limit Plaintiff to occasional handling and fingering.

(Doc. 16, p. 1-2).

### A.    Janet Cole, PA-C's Opinion

Plaintiff argues that the ALJ did not properly consider the opinion of PA-C Cole by failing to provide any analysis of the consistency of her opinion with other

medical and nonmedical sources. (Doc. 16, p. 8). The Commissioner contends that when considering the decision as a whole, the ALJ included evidence that showed how PA-C Cole's opinion was inconsistent with the medical and other evidence of record. (Doc. 19, p. 7-8)

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and

consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history,

clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

On November 1, 2021, PA-C Cole completed a Medical Source Statement that spanned from May 31, 2019, through the date of the statement. (Tr. 1245). She found Plaintiff had extreme limitations: standing, walking, and sittings for less than 2 hours in an 8-hour day; climbing, balancing, stooping, bending, kneeling, crouching, and crawling for less than 1/3 of a workday; reaching, handling, and fingering for less than 1/3 of a workday; needing 10 to 15 minute breaks for medical reasons throughout the day; having moderate visual limitations; being able to concentrate for 1/3 of a workday; being off task for more than 60% of the day; missing 3 days per month of work; and walking with a cane. (Tr. 1245-46). PA-C Cole attributed these limitations to Plaintiff having muscular atrophy, decreased muscle strength on exam, and chronic pain. (Tr. 1245-46).

In the decision, the ALJ summarized PA-C Cole's opinion that Plaintiff was limited to performing a "substantially reduced range of sedentary work." The ALJ found:

> More recently, Janet Cole, P.A.-C. opined that the claimant was limited to performing a substantially reduced range of sedentary work, with an ability to engage in postural and manipulative tasks/abilities only less than one-third of the workday. The provider even noted moderate limitations with visual acuity and abilities, as well as an ability to concentrate for just one-third of the workday. She stated that the claimant would be expected to be absent from work three days of month,

as well as off-task while at work more than 60-percent of the time. In support of the various limitations outlined within the opinion, the physician's assistant cited to things like "chronic pain" and "muscular atrophy," and little in terms of objective clinical signs/findings. Indeed, in certain areas, when asked to identify the "objective evidence/diagnosis" to certain an assertion [sic], Ms. Cole left the form blank (Exhibit 19F). The opinion is not particularly well-supported. Moreover, it also inconsistent with the rest of the evidence, as set forth above. The opinion is unpersuasive.

(Tr. 1015).

The Commissioner claims that when considering the decision as a whole, the ALJ discussed the consistency of this opinion and this discussion is sufficient. (Doc. 19, p. 6-7). The Court disagrees. The Commissioner contends that the ALJ's decision "allows the Court to understand the ALJ's analysis of the consistency of this opinion" and proceeds to give examples. (Doc. 19, p. 7-8). The Commissioner then combs through the ALJ's decision finding instances that arguably show PA-C Cole's opinion is inconsistent with other medical evidence, such as Plaintiff receiving pain relief from lumbar and cervical epidural steroid injections. (Doc. 19, p. 8). The Commissioner also compares the ALJ's discussion of the prior administrative medical findings from Olga Maria, M.D. and Moses Izuegbu, M.D. that include a reduced range of sedentary work (no ladders, ropes, or scaffolds), frequent handling, limited exposure to hazards, and the use of a cane, which the ALJ found persuasive. (Doc. 19, p. 8). Lastly, the Commissioner asserts that the ALJ "did not reject PA-C Cole's opinion outright, only the more extreme portions." (Doc. 19, p. 8).

On the one hand, there is no dispute that the ALJ's summary of the evidence contains evidence that arguably is inconsistent with PA-C Cole's opinion, such as some of the evidence the Commissioner cited. On the other hand, the decision contains evidence that is consistent with PA-C Cole's opinion, such as being unable to work if walking or standing is required, and needing the use of a cane to ambulate. (Tr. 1013-14). While an ALJ need not repeat medical evidence throughout the decision, here, the ALJ cited no support for the conclusory statement that PA-C Cole's opinion is inconstant with the rest of the evidence. (Tr. 1015). If, as the Commissioner contends, the ALJ's statement that PA-C Cole's opinion is inconsistent with the evidence of record, "as set forth above" is sufficient, then ALJs would simply make a similar statement in every opinion and provide nothing more for both supportability and consistency. By the ALJ failing to provide sufficient reasoning for the Court to conduct a meaningful review, it cannot determine whether substantial evidence supports the ALJ's decision on the persuasiveness of PA-C Cole's opinion. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). The ALJ broadly rejected PA-C Cole's opinion for the consistency factor such that it is unclear whether he considered Plaintiff's medical condition as a whole. *See Dyer*, 395 F.3d at 1211. Thus, this matter requires remand to reconsider PA-C Cole's opinion.

**B.    Remaining Issue**

Plaintiff also challenges whether the ALJ properly considered: the severity of Plaintiff's anxiety and major depressive disorder; whether Plaintiff could perform work at an SVP 3 level; whether Plaintiff would miss too much work to sustain competitive employment; whether Plaintiff was able to perform his past relevant work; and whether he should have been limited to occasional handling and fingering. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

Plaintiff also requests that the Court remand this action with instructions to award benefits. (Doc. 16, p. 27). Generally, when an ALJ's decision is not supported by the record, the action is remanded to the Commissioner for further proceedings. In limited circumstances, a district court may remand an action for an immediate award of benefits, including when the Commissioner has already considered the essential evidence and the cumulative effect of the evidence establishes disability or when a plaintiff suffers an injustice. *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1270 (M.D. Fla. 2012) (citations omitted). In this case Plaintiff has not shown that the evidence clearly establishes disability or he suffers an injustice based on the delay. *See Beard v. Comm'r of Soc. Sec.*, No. 6:20-cv-2332-LHP, 2022 WL

4310011, at *7, n.7 (M.D. Fla. Sept. 19, 2022) Thus, remand for further consideration of the evidence is warranted.

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the persuasiveness of the medical opinions, the severity of Plaintiff's mental condition, the jobs Plaintiff is able to perform, and his handling and fingering abilities. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 18, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties